# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OVERFLOW ENERGY, L.L.C., a Texas limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-13-1136-HE |
| THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ROGER MILLS, STATE OF OKLAHOMA, in its official capacity as a body politic and corporate, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Overflow Energy, LLC ("Overflow") filed this action against the Board of County Commissioners of the County of Roger Mills ("the County"), seeking declaratory and injunctive relief. The underlying dispute arises out of the County's denial of Overflow's application for a variance from zoning regulations included in the County's comprehensive plan. The County has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Overflow has responded and has filed a motion for preliminary injunction. The motions are at issue.

## Background

According to the complaint, Overflow drills and operates commercial saltwater disposal facilities used in the oil and gas industry. On February 1, 2012, Overflow entered into an agreement to create one such facility on a tract of land in Roger Mills County,

Oklahoma, using an existing wellbore.[1] Overflow applied for approval from the Oklahoma Corporation Commission ("OCC") to operate the facility, which approval was granted on October 30, 2012. The land was zoned "agricultural" under the comprehensive plan adopted by the County. Because operating a saltwater disposal facility would fall outside of the allowable uses of "agricultural" land, *see* [Doc. #1, pg. 4, para. 13], Overflow filed an application for variance with the County Board of Adjustment. On September 23, 2013, after holding a public hearing on the matter, the board denied Overflow's application. On October 3, 2013, Overflow filed a notice of appeal to the District Court of Roger Mills County. It then filed this action, pursuant to 42 U.S.C. § 1983, alleging violations of its substantive due process rights under the Fourteenth Amendment. It also asserts a violation of the parallel provision of the Constitution of the State of Oklahoma.

## Discussion

Overflow argues that its state and federal constitutional rights were violated because the County exceeded the scope of its statutory authority by enacting and enforcing zoning regulations. [Doc. #12, pg. 12]. It contends that "[t]he area of oil and gas development is an area left solely to the exclusive, plenary jurisdiction of the Oklahoma Corporation Commission." *Id*. Overflow indicates it is not contesting the County's denial of its request for variance in this suit, but instead is disputing the County's power to create and enforce

---

[1]*The complaint indicates the tract of land is approximately 3.2 acres in size, located in the center of the SW/4 of Section 23, Township 14 North, Range 23 West, Roger Mills County ("the land").*

2

zoning rules at all. It asks the court to issue a temporary and permanent injunction enjoining the County from enforcing its zoning regulations, and other related declaratory relief.

The County asserts three arguments in support of its motion to dismiss. First, it says that Overflow's § 1983 action is not ripe. Second, it argues that the Anti-Injunction Act, 28 U.S.C. § 2283, bars the court from granting Overflow's requested remedies. Finally, the County asserts that the court should abstain from exercising jurisdiction in this case. The court concludes that it need not address defendant's first two arguments, as abstention is appropriate in the circumstances existing here.

As a general rule, federal courts are "obliged to decide cases within the scope of federal jurisdiction." Sprint Commc'ns, Inc. v. Jacobs, ___U.S.___, 134 S.Ct. 584, 588 (2013). However, there are a number of narrow circumstances in which abstention from exercising that jurisdiction is proper. The Supreme Court recognized one such basis for abstention in Burford v. Sun Oil Co., 319 U.S. 315 (1943). There, the Court explained that abstention is proper where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter or substantial public concern." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976) (discussing the implications of Burford).

The Tenth Circuit addressed the scope of Burford in Grimes v. Crown Life Ins. Co., 857 F.2d 699 (10th Cir. 1988), applying Burford in a declaratory judgment suit brought by the Oklahoma Insurance Commissioner as liquidator of an insurance company. The court listed four factors that should be considered when determining whether abstention is

3

appropriate:

> (1) whether the suit is based on an exclusively federal cause of action; (2) whether the suit requires the court to decide issues directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry; (3) whether state procedures reflect a desire to create special state forums to regulate and adjudicate these issues; and, (4) whether difficult or unusual state laws are at issue.

Grimes, 857 F.2d at 704-05. Although, as noted below, there is some basis for concluding Grimes may have viewed Burford abstention too broadly, it continues to provide useful guidance as to factors to be weighed.

Applying the relevant Grimes factors to this case, the court concludes they clearly weigh in favor of abstention. Plaintiff alleges violations of both its federal and state substantive due process rights. Although it has a federal cause of action, the underlying issue as to it involves questions of state statutory interpretation. If the court were to adjudicate the matter, it would require interpretation of Oklahoma statutes as to the relative powers of the OCC and county zoning boards and to decide issues relevant to Oklahoma's regulation of the oil and gas industry. Such questions are "entangled in a skein of state-law that must be untangled before the federal case [could] proceed . . . ." *See* New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI"), 491 U.S. 350, 361 (1989). These factors weigh in favor of abstention.

Moreover, the issues raised by this case appear to involve unsettled questions of Oklahoma law. The various state statutes involved do not suggest a clear or unequivocal answer, one way or the other, to the questions posed by this case. *Compare* 17 Okla. Stat.

4

§52, *and* 52 Okla. Stat. §§ 87.1, 139(A) (powers of the OCC), *with* 19 Okla. Stat. §§ 865.51-865.69 (county planning and zoning). Plaintiff has cited a 1986 opinion of the Oklahoma Attorney General that appears to support its position. *See* 18 Okla. Op. Att'y Gen. 66, 1986 WL 235094. However, an Attorney General's opinion is not binding on either this court or a state court. *See* State *ex rel*. York v. Turpen, 681 P.2d 763, 767 (Okla. 1984). Further, defendant has identified various legislative enactments since the date of the Attorney General's opinion which may undercut its rationale and result.

Finally, Oklahoma law provides a forum for the determination of issues related to county zoning board decisions—as the pending state case illustrates. *See* 19 Okla. Stat. § 865.64.² "If adequate state court review of an administrative order based upon predominantly local factors is available, intervention of a federal court is not necessary for the protection of federal rights." Robert-Gay Energy Enters., Inc. v. State Corp. Comm'n of Kan., 753 F.2d 857, 860 (10th Cir. 1985) (citing Ala. Pub. Serv. Comm'n v. S. Ry. Co., 341 U.S. 341, 349 (1951)). In Robert-Gay, the Tenth Circuit analyzed a Kansas statute similar

---

²*The statute reads, "An appeal to the district court from any decision, ruling, judgment, or order of said county board of adjustment may be taken by any person or persons, firm or corporation, jointly or severally, aggrieved thereby, or any department, board or official of government by filing with the clerk of said board within ten (10) days a notice of such appeal. No bond shall be required for such appeal, but costs may be required in the district court as in other cases. Upon filing of such notice, the clerk of said board shall forthwith transmit to the clerk of the district court the originals or certified copies of all papers constituting the record in such case, together with the order, judgment or decisions of said board. Said cause shall be tried de novo in the district court and said court shall have the same power and authority as the county board of adjustment, together with all other powers of the district court in law or in equity. An appeal to the Supreme Court from the decision of the district court shall be allowed as in other cases." 19 Okla. Stat. § 865.64 (emphasis added).*

5

to 19 Okla. Stat. § 865.64 and determined that Kansas had "established its own elaborate review system for dealing with the [] complexities of oil and gas fields."[3] *Id.*  Here, the referenced Oklahoma statute provides a vehicle not only for review of individual zoning board decisions, but also for challenges to the County's authority to enact the regulations at all.  This factor weighs in favor of abstention.

Although the Tenth Circuit has continued to apply the Grimes factors when determining whether Burford abstention is proper, it acknowledged that the Supreme Court has since formulated "more narrow tests [in] Quackenbush and NOPSI . . . ."  *See* Okla. *ex rel*. Doak v. Acrisure Bus. Outsourcing Servs., LLC, 529 F. App'x 886, 897 (10th Cir. 2013) ("Burford abstention is proper only 'when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . or [ ] where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Id.* (quoting NOPSI,  491 U.S. at 361)).  However, even under the more narrow formulation of  Quackenbush and NOPSI, the result is the same.  The issues requiring resolution in this case involve unsettled issues of state law and have substantial implications for a major state industry and for local citizens impacted by it.  A

---

[3]*The judicial review powers granted by 19 Okla. Stat. § 865.64 are arguably broader than those examined in Robert-Gay.  In Robert-Gay, state court review was limited to the analyzing "the lawfulness or reasonableness of the original order" and the reviewing court had only the power to "vacate or set aside" the original order.  Id.  (discussing Kansas law).  The Oklahoma statute authorizes a de novo trial of the issues before the board of adjustment plus the exercise of all powers ordinarily inhering in the state district court.  See emphasis in fn. 2.*

decision would potentially impact not only the parties in this case, but also the powers and authority of all county zoning boards in the state organized under the same statutory scheme, as well as that of the OCC. Furthermore, land use and zoning cases are often viewed as "classic examples" of important issues of local concern in which a federal court should be reluctant to interfere.[4] Even applying the "more narrow tests," the court concludes that abstention is proper.[5]

Accordingly, defendant's motion to dismiss [Doc. #10] is **GRANTED** and the case is dismissed without prejudice. Plaintiff's motion for preliminary injunction [Doc. #11] is **STRICKEN AS MOOT**.

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]"[C]ases involving questions of state and local land use and zoning law are a classic example of situations in which the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Pomponio v. Fauquier Cnty. Bd. of Sup'rs, 21 F.3d 1319, 1327 (4th Cir. 1994) (quoting NOPSI, 491 U.S. at 361) (internal quotation marks omitted) cert. denied 115 S. Ct. 192 (1994), overruled on other grounds by Quackenbush,517 U.S. 706.

[5]Plaintiff's only argument against the application of Burford abstention is essentially its conclusory statement that "this case does not involve a difficult question of state law and does not involve a question of important state policies or administrative concerns." [Doc. #12, pg. 28]. For the reasons stated, the court concludes otherwise.

7